IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN L. COOPER,
Petitioner,

v.                                                     No. 16-cv-01367-DRH

WARDEN,
Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Taylorville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his state court sentence for aggravated battery after violating his probation.   The underlying Petition was filed on December 20, 2016. Petitioner challenges his sentence because he alleges that the judge sentenced him for violating a probation that was not currently in effect.

Petitioner alleges that on January 4, 2013, Judge Griffith of the Macon County Court sentenced him to a term of incarceration for violating probation, despite the fact that the probation had been terminated.  (Doc. 1, p. 4).  He alleges that as a result, he was sentenced to a Class 2 felony when he should have been sentenced to a Class 4 felony for a domestic with a prior.  *Id.*

In response to the question regarding whether he had appealed the state court decision, Petitioner checked 'yes,' and listed a § 1983 case he brought in this court regarding the same issues.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

Petitioner has invoked the wrong statute and his case will be dismissed on these grounds.  The correct vehicle for a state prisoner seeking relief from a state court conviction is § 2254, not § 2241.  *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (holding a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").  The Court will not automatically recharacterize the Petition as being made pursuant to § 2254 because that statute contains a strict limit on the number of § 2254 petitions an inmate may file; and, recharacterizing the Petition may make it significantly more difficult for a litigant to file another such motion raising such issues.  *See Castro v. United States*, 540 U.S. 375, 382-83 (2003).

It is also clear that Petitioner has not met the requirements of § 2254. Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner has affirmatively stated that he has not exhausted his state court remedies. In the section of his habeas petition that asks if Petitioner appealed his state court sentence, he checked yes, but then pointed to another suit in this Court raising claims pursuant to § 1983, No. 16-916. A federal suit for money

damages does not exhaust Petitioner's state court remedies.  It does not count as an appeal of a state court's decision.  In fact, Petitioner could not recover any money under § 1983 unless the conviction he complains of is first set aside through a direct appeal or post-conviction relief.  If Petitioner wishes to bring a habeas claim in this Court, he must first appeal his sentence to the Illinois Appellate Court and the Illinois Supreme Court.  Failure to do so will always result in dismissal of his habeas action.

## Pending Motions

As the Court will dismiss this case as improperly filed, Petitioner's Motion for Recruitment of Counsel is **MOOT**.  (Doc. 2).

Petitioner has also filed a Motion, which the Court construed as a Motion to Voluntarily Dismiss, in which Petitioner takes issue with the assessment of a filing fee in this case.  (Doc. 4).  Petitioner alleges that he already paid a filing fee in Case No. 16-916, and that he should not be assessed a filing fee in this case, particularly where the Court "ask[ed] me to fill out the papers again."  (Doc. 4). The Court **DENIES** Petitioner's Motion to voluntarily dismiss because it finds his assertion that he should not have paid two filing fees is based on a mistaken understanding of federal civil procedure, and not on a genuine desire to withdraw this case.  (Doc. 4).  It is also not clear based on Petitioner's filing that he was actually asking to withdraw this suit.  Additionally, a motion for voluntary dismissal does not obligate a court to return the filing fee assessed because the

obligation to pay the fee accrues at the time the action is filed.  *See* 28 U.S.C. §

1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Petitioner has filed a document entitled "Request for Relief," which

the Court has construed as a Motion to Amend.  (Doc. 5).  In that document,

Petitioner requests immediate release for the violation of his civil rights, including

due process and double jeopardy, and $50,000.  (Doc. 5).  The Court does not

permit piecemeal amendments; rather a party must submit an entire amended

pleading at the time the amendment is proposed.  SDLR 15.1.  In any event,

Petitioner's request would be moot because his Petition already requests both

$50,000 and release from custody.  (Doc. 1, p. 9).  Finally, as explained to

Petitioner repeatedly in case No. 16-916, he cannot ask the Court for both money

and release from custody in the same lawsuit.  He must ask for money in a suit

filed pursuant to § 1983.  Any requests for release belong in a habeas corpus

action pursuant to § 2254.  Petitioner's request to amend the Petition is **DENIED**.

(Doc. 5).

## Disposition

For the reasons stated above, the instant habeas Petition is **DISMISSED**

without prejudice to any other habeas petition or civil rights action Petitioner

wishes to file.   However, Petitioner's claims for monetary damages are

**DISMISSED** with prejudice because that relief is not available under the habeas

statutes.  If necessary, Petitioner may re-file his claims raised herein after his

state court remedies are fully exhausted, so long as he does so within the

applicable time limits.   *See* 28 U.S.C. § 2244(d)(1).   A claim for wrongful imprisonment in state custody should be brought pursuant to § 2254.

Should Petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.*   This petition has been dismissed without prejudice because Petitioner failed to invoke the proper statute.   Except in special circumstances, such a dismissal without prejudice is not a final appealable order, so a certificate of appeal ability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004).

Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   A petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.   *Id.* at 338 (citation omitted).   If the

district court denies the request, a petitioner may request that a circuit judge issue the certificate.  Fed. R. App. P. 22(b)(1)-(3).

Here, no reasonable jurist would find it debatable whether this Court's ruling on Petitioner's attempt to bring his habeas case pursuant to § 2241 without exhausting state court remedies was correct.   Accordingly, a certificate of appealability shall **NOT** be issued.  The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Signed January 26th, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.01.26 09:39:27 -06'00'

UNITED STATES DISTRICT JUDGE